DENA MARIE YOUNG
State Bar No. 215344
LAW OFFICES OF DENA MARIE YOUNG
2751 4th Street PMB #136
Santa Rosa, CA 95405
Telephone (707) 528-9479
Email: dmyounglaw@gmail.com

Attorneys for Defendant
DEVON CHRISTOPHER WENGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> DEVON CHRISTOPHER WENGER, <br> Defendant. | No. 4:23-cr-00268-JSW <br><br> **RESPONSE TO ORDER (ECF 180) – ADDITIONAL QUESTIONS FOR VOIR DIRE** |

Defendant DEVON WENGER, by and through his attorney of record, Dena Marie Young, hereby submits the following request for additional voir dire in response to this Court's Order (ECF 180):

**Juror #8:**

You indicated in your questionnaire that you worked as a crime scene technician for almost 20 years. You also indicated that you would believe law enforcement officers because they take an oath to enforce the law and to be honest and truthful. Are you open to the possibility that law enforcement officers might be mistaken, or even lie? Can you set aside your opinion and judge the testimony of law enforcement officers the same aa any other witness?

1
RESPONSE TO ORDER - ADDIIONAL VOIR DIRE (ECF 180)

With respect to the testimony of the defendant, you indicated "if you did nothing wrong testify on your behalf." Are you aware that a defendant has a Constitutional right NOT to testify? Will you hold it against the defendant if he should decide NOT to testify?

**Juror #10:**

You indicated that you would tend to believe the testimony of law enforcement officers because they take an oath and because you have close personal friends in law enforcement. Do you have friends in any of the agencies involved in this case? Are you open to the possibility that law enforcement officers might be mistaken, or even lie? Can you set aside your opinion and judge the testimony of law enforcement officers the same aa any other witness, including the defendant if he were to testify?

**Juror #11:**

Could you describe in more detail how serving on the jury for this trial would interfere with your schedule as a mother, a masters degree student, and your new job assignment? If you were required to serve would you be able to set all of those complications aside and focus on the evidence in the case?

Your questionnaire indicates that you consider yourself part of law enforcement, that your husband was in law enforcement, and that you have friends in law enforcement. You indicate that you would believe the testimony of law enforcement because they, like you, took an oath. Are you open to the possibility that law enforcement officers might be mistaken, or even lie? Can you set aside your opinion and judge the testimony of law enforcement officers the same aa any other witness?

You have also indicated that a defendant should take the stand and defend themselves. Are you aware that a defendant has a Constitutional right NOT to testify? Will you hold it against the defendant if he should decide NOT to testify?

**Juror #12:**

You indicated that your current role as an attorney brings you into regular contact with law enforcement at the federal level, and that you have had many positive experiences. Do you know any of the law enforcement officers, or assistant Unites States attorneys involved in this case? Do you work regularly with agents / attorneys in the Northern District of California? Based on your questionnaire, it appears that your practice requires you to maintain a good working relationship with the government. How would that influence your ability to be fair and impartial in his case?

You also indicated that you prosecuted cases before a federal magistrate when you were an intern. Does that experience influence your ability to be fair and impartial in his case?

**Juror #14:**

You indicated that you would like to hear from the defendant. Are you aware that a defendant has a Constitutional right NOT to testify? Will you hold it against the defendant if he should decide NOT to testify?

Your questionnaire indicates that you have friends/family in law enforcement. Do you believe that those relationships might affect your ability to be fair to both sides in this case? If so, how?

Are you concerned that the medication you are currently taking might make it difficult for you to stay awake and focus on the evidence at trial?

**Juror #16:**

You have indicated that you have difficulty concentrating and remembering things. Would having the ability to take notes lessen those problems? You have also indicated that it is difficult for you to be confined for long periods of time? Is there anything that the Court can do, such as regular breaks, the ability to stand up, etc.) which would make jury service easier for you?

**Juror #17**

You indicated that you know that the defendant has a right not to testify, but that you would still like to hear from the defendant. Will you hold it against the defendant if he decides not to testify?

You expressed concern about being able to get to the courthouse on time using public transportation. Did you have difficulty getting to the courthouse today? Based on your experience today, do you believe that you can meet this Court's schedule for the duration of the trial?

**Juror #31:**

You indicated that you would believe the testimony of law enforcement because you are former law enforcement and that you have friends and family in law enforcement. Do you know any law enforcement officers in the agencies that are involved in this case? Are you open to the possibility that law enforcement officers might be mistaken, or even lie? Can you set aside your opinion and judge the testimony of law enforcement officers the same aa any other witness?

**Juror #32:**

You have indicated in your questionnaire that as a forensic interviewer, you work closely with law enforcement in certain kinds of cases. Have you worked with any of the agencies involved in this case? You also indicate that you provide training to law enforcement agencies in Contra Costa County. Have you come in contact with any of the officers or witnesses involved in this case through your work or through those trainings?

You indicated that you would believe the testimony of law enforcement because of your work. Are you open to the possibility that law enforcement officers might be mistaken, or even lie? Can you set aside your opinion and judge the testimony of law enforcement officers the same aa any other witness?

**Juror #36:**

You have indicated in your questionnaire that a defendant "should be expected to speak." Are you aware that a defendant has a Constitutional right NOT to testify? Will you hold it against the defendant if he should decide NOT to testify?

**Juror #40:**

You indicated in your questionnaire this is a busy time for your work. Does not being able to travel mean a loss of income, or are you able to substitute telephone / video contact?

You also indicated you would need more information as to why a defendant is not required to testify. Would you hold it against the defendant if he chose not to testify?

**Juror #46:**

Your questionnaire indicates that you have served on multiple juries. You also said that if a defendant doesn't testify, it "makes coming to a result much harder." Could you explain that? Will you hold it against the defendant if he decides not to testify?

You also indicated that travel to the courthouse would be more than two hours. Did you have difficulty with that today? Based on your experience today, do you believe that you can meet this Court's schedule for the duration of the trial?

Dated: April 21, 2025            Respectfully Submitted,

                                                                           __/s/ Dena Marie Young_____
                                                                           DENA MARIE YOUNG

                                                                           Attorney for Defendant
                                                                           DEVON CHRISTOPHER WENGER