DENA MARIE YOUNG (SBN 215344)
LAW OFFICES OF DENA MARIE YOUNG
2751 4th Street PMB #136
Santa Rosa, CA 95405
Telephone: (707) 528-9479
Fax: (707) 692-5314
Email: dmyounglaw@gmail.com

Attorneys for Defendant
DEVON CHRISTOPHER WENGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>DEVON CHRISTOPHER WENGER,<br><br>   Defendant. | No. 4:23-cr-00268-JSW<br><br>**MOTION FOR RELEASE PENDING SENTENCING** |

## INTRODUCTION

On April 30, 2025, defendant DEVON CHRISTOPHER WENGER ("Wenger") was convicted of conspiracy to distribute anabolic steroids in violation of 21 U.S.C. § 846, 841; and of destruction of evidence in violation of 18 U.S.C. § 1519.

Wenger is also pending jury trial on various counts relating to use of force under color of authority in Case No. 4:23-cr-00269 JSW. That case is currently set for jury trial on July 28, 2025. Wenger has recently obtained new counsel following a mistrial in that matter.

Sentencing in the -268 case has been delayed pending some resolution of the -269 case.

Wenger concedes that conviction of the conspiracy charge subjects him to the Mandatory Detention Act (18 U.S.C. § 3143). However, the combination of circumstances surrounding Wenger and these cases provides this Court with exceptional reasons to allow him to remain out of custody pending sentencing in this case.

# ARGUMENT

## I.

### Exceptional Reasons Exist to Allow Wenger to Remain on Release Pending Sentencing

Under 18 U.S.C. § 3145(c), a defendant who is detained pursuant to § 3143(a)(2) may be released from custody if the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released and if it is clearly shown that there are "exceptional reasons" why detention would not be appropriate. *See United States v. Garcia*, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003); 18 U.S.C. § 3145(c)(2).

### A.   Wenger is Neither a Flight Risk nor a Danger to the Community

Wenger has been on pretrial release since August 22, 2023. Despite residing in another state, Wenger has made all required court appearances. He has complied with his terms and conditions of release without issue. Wenger's track record shows that he is neither a flight risk nor a danger to the community.

### B.   The Circumstances Surrounding this Case Are Exceptional

Neither the statutes nor the case law gives any definitive list of what constitutes "exceptional reasons." *Garcia, supra,* at 1016 - 1017, n.3. This leaves the district court with broad discretion to consider the totality of the particular circumstances of the case before it. *Garcia, supra* at 1018 (internal citations omitted).

Wenger's case presents a combination of factors which make his situation exceptional. First, Wenger is currently participating in a program of higher education which would be disrupted unnecessarily by immediate incarceration.

Second, Wenger's status as a former law enforcement officer will render incarceration especially difficult for him. He will likely need to be placed outside the local area and in protective custody. He will be in constant fear for his own safety. Not only will it be difficult for him to have contact with his family, he will likely also have only limited access to his attorneys.

Lastly, this case is also exceptional because Wenger is not just facing sentencing proceedings. Wenger is currently assisting his counsel with preparing for trial on an unlawful use of force case which is complex and involves substantial discovery. As the Court is aware, the -269 case resulted in a mistrial which led to the recent replacement of his counsel by attorney Michael Schwartz. Mr. Schwartz' office is located in Los Angeles. The nature of the materials and the protective orders currently applied to this case would render it impossible for Wenger to have meaningful access to the discovery in order to assist his trial counsel. It would also make it difficult, if not impossible, for trial counsel to spend adequate time meeting with Wenger. Placing Wenger in custody would substantially change the circumstances under which Mr. Schwartz agreed to accept the case and may necessitate a delay in the trial date.[1]

## II.

### Wenger May Also Qualify for Continued Release Under 18 U.S.C § 3143(a)(2)

Under 18 U.C. § 3143(a)(2), a defendant who would otherwise be subject to mandatory detention may be released if the court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; and that there is clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Wenger acknowledges that this Court has previously denied an oral motion for acquittal. However, Wenger intends to file motions under Rule 29 and Rule 33 based on irregularities in the trial and in certain critical items of evidence in addition to fleshing out the sufficiency of the evidence argument presented orally.[2] Specifically:

1) Evidence has been developed through a FOIA request that the package at the heart of this case was a different weight when it was sent than when it was allegedly intercepted by the postal inspector, suggesting that the contents of the package were altered by the FBI to align with Harris' Proton mail messages.

---

[1] Counsel would ordinarily attach a declaration from Mr. Schwartz to this motion. However, Mr. Schwartz will be present at tomorrow's hearing and would be in the best position to speak for himself.

[2] By statute, those motions are due May 14, 2025 unless a different briefing schedule is set.

3
DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

2) The government deliberately elicited false and misleading testimony regarding the timing of the receipt and deletion of a SIGNAL message in order to suggest that Wenger was deleting messages during the time.

3) Irregularities in the handling of the verdict give, at a minimum, the appearance of impropriety in violation of due process requirements.

These are serious issues which go to the heart of the trial and put the Court's previous view of the sufficiency of the evidence analysis in a different light. Wenger respectfully requests that he be permitted time to fully develop these issues before this Court rejects his motions.

## CONCLUSION

For the foregoing reasons, Wenger respectfully requests that this Court allow him to remain on pretrial release pending sentencing in this case.

Dated: May 5, 2025                   Respectfully Submitted,


      /s/ Dena Marie Young
DENA MARIE YOUNG

Attorney for Defendant
DEVON CHRISTOPHER WENGER